UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: Michael David Scott                    Chapter 7

    Debtor                                 17-70045-JAD

                                            Adv. No. 17-07028-JAD

Michael David Scott

    Plaintiff

V.



U.S. Bank National Associates

As Trustee For Credit Suisse First Boston

Mortgage Securities Corp. OCWEN Loan

Servicing LLC and

Korde & Associates P.C.

## Debtor's Brief Re. February 21, 2018 Hearing

Michael David Scott, referred herein as the plaintiff ("Debtor") responds to the courts order on February 21, 2019 as follows:

**(1) Whether the Mrs. Scott's bankruptcy discharge discharged all of her mortgage obligations.**

1

Bankruptcy Code 11 U.S.C. 524(a) sheds considerable light upon the matter, it states that a "discharge voids any judgement...to the extent that [it] is a determination of the personal liability of the debtor... [and enjoins] the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any such debt as a personal liability of the debtor... Id 524(a)(1)-(2) emphasis added.

Thus, only a debtor's personal liability is dischargeable in a chapter 7 case. It follows, therefore, that the strictures of Section 524(c) apply only to those agreements the consideration for which involves, in whole or in part, the imposition or reimposition of personal liability with respect to a debt dischargable (or previously discharged in bankruptcy). See <u>Arruda v. Sears</u> 310 F. 3d 13 (1st Cir. 2002) at 2002 U.S. App. LEXIS 13.

Therefore, the correction agreement, which the lender is coercing Mrs. Scott to sign is nothing more than an attempt to reaffirm Mrs. Scott's obligation under a promissory note. The promissory note is a promise to make payments to the lender. Although in Massachusetts a lender must hold the promissory note and the mortgage in order to foreclose, the fact that any inpersonam liability was discharged by Mrs. Scott's bankruptcy makes the correction agreement null and void. It is simply an attempt to reimpose a debt which has been discharged.

Thus, in <u>Johnson v. Home State Bank</u> 501 U.S. 78, 83-84, 115 L.

2

Ed. 2d 66, 111 S. Ct. 2150 (1991), the Supreme Court had "no trouble" concluding that a personal obligation (i.e. promissory notes) had been discharged. It is unlawful to ask Mrs. Scott to sign a new promissory note. In <u>Johnson</u> @ 84 The Supreme Court held that even after the debtor's personal obligations have been extinguished the mortgage holder still retains a "right to payment" in the form of its right to the proceeds from the sale of the debtor's property. This is not what the trustee is attempting to accomplish by using coercive action to induce Mrs. Scott to sign the correction agreement which was extinguished after she obtained her discharge. This is evidenced by the third party complaint filed against her in this court.

**(2) The 2013 Loan Modification Agreement does not replace the note.**

In simple English, the first paragraph of the loan modification agreement reads in relevant part.

"This loan modification agreement ("Agreement") effective on the date set forth below, between Eunice M. James-Scott and Michael David Scott ("The borrower(s)") and Bank of America N.A. ("Lender") <u>amends and supplements</u> (1) the mortgage deed of trust or deed to secure debt ("the security instrument") dated the 26th day April, 2004, and in the amount of $636,000 and (2) the note bearing the same date as and secured by the security instrument ("the note") which covers the real and personal property described

3

in the security instrument and defined therein as in the "property" located at 40 Old Stable Drive, Mansfield MA 02048. Furthermore, paragraph 2 states in relevant part "The security instrument and note together as they may previously have been amended are referred to as the "loan documents" and then in subsection E it states "All terms and provision of the loan documents excepting as expressly modified by this agreement, remain in full force and effect.

Then the Trustee's assertion that the loan modification replaces the note is patently false. If that were the case, the agreement would have said so.

Even if this court should remotely consider the Trustee's assertion, the 2013 LMA specifically identified Bank of America NA ("The Lender"). According to Black's Law Dictionary 10th Edition, it defines "Lender". A person or entity from which something (esp. money) is borrowed". There is no documentation showing that when it drafted the 2013 LMA, Bank of America N.A. was the servicer acting on behalf of the lender which could be either U.S. Bank, Greenpoint Mortgage, or Capital One N.A. Finally, the word lender is based on the Trustee's assertion is ambiguous, and must be construed against the drafter, based on contract law principle. Notably, the original signature page of the loan modification agreement was not signed by the lender as the agreement specifically states in Paragraph 2 subsection B. "I understand that the loan documents will not be modified unless and until (1)

I return a signed and notarized (if required) copy of this agreement to lender (2) <u>the lender accepts this agreement by signing it</u> and (3) the modification effective date (as defined in section 3 below has occurred). The Trustee provided the debtor, with a signature page unrelated to the original file only after the Debtor claimed that the original signature page of the loan modification identifying the loan was not signed. Scott suggests that only a hearing with Bank of America, could affirmatively state and confirm the following:

(1) Whether Bank of America was acting as the lender or as the agent of the lender, when it drafted and entered into the 2013 LMA.

(2) Whether Bank of America signed and accepted the original documentation.

(3) Whether Greenpoint Mortgage sold the note via a lost note affidavit to Bank of America on ~~XXXXXX~~ November 25, 2009

Finally, Mrs. Scott's bankruptcy discharge extinguished any enpersona claim, that would have accompanied the loan modification agreement because the loan modification agreement was not approved by the bankruptcy court.

**(3) Trustee is asking this court to grant the Trustee an equitable lien and subrogation lien against the Debtor's property.**

5

The original mortgage which the Trustee is asking this court to reinstate was satisfied on July 4, 2004, in the land records of Bristol County, Massachusetts in Book 13856 page 94. When Mrs. Scott obtained her discharge any claims related to that specific mortgage was also discharged as it was not a secured lien and didn't pass through bankruptcy.

On February 21, 2019 when the court asked Mr. Messinger if the original mortgage was marked satisfied or was it still on record?

Mr. Messinger replied that it is still of record. See Tr. Page #27 line 17 thru 23.

Although on Mr. Messinger's January 29, 2018 filing in case # 18-07005-JAD Doc. 1 in line 20 of that filing, he acknowledged that the original mortgage was discharged. It has become a pattern of Mr. Messinger to plead inconsistent facts with the court, when it become necessary to fill in the gaps.

It is open to legitimate question of law and fact whether a satisfied mortgage survives a bankruptcy discharge. Moreover, the Trustee has not provided any evidence that Greenpoint sold the original mortgage to DLJ who deposited that mortgage into the trust. As it stands now the PSA, does not hold the mortgage nor the beneficial interest of the note, it is not the rightful owner

and has no standing to bring any claims.

**(4) Greenpoint does not have the right to employ the Trustee U.S. Bank as its agent because:**

The evidence Greenpoint presented n a self-serving affidavit from John W. Wildrick, in which Mr. Wildrick failed to state that Capital One acquired all of Greenpoint's assets between 2006 and 2007 ~~2008~~, shutting down all of Greenpoint's offices. Then on June 21, 2018, Mr. Wildrick claims that he is an assistant vice president of Greenpoint, a declaration which needs further clarification. Even so, the affidavit is insufficient because it is not supplemented by sufficient reliable evidence. In <u>Deutsche Bank National Trust as Trustee for IXIS, 2006#E34 v James D. Moynihan</u>, 270 F. Supp 3d 497, 508 (D. Mass 2017) DBNTC provided:

1)

(1) a copy of the original note

(2) Affidavits from OCWEN officials averring DBNTC's possession of the note

(3) a note history exhibit showing DBNTC either received the collateral file containing the original note on May 12, 2006

(4) Pursuant to the PSA and mortgage loan schedule on September 29, 2006

1) The Debtor, would like to know how is it that Mr. Wildrick Still Works for Greenpoint Mtge.   7   a dissolved corporation.

(5) DBNTC additionally provided evidence through DBNTC s business records that DBNTC temporarily released the original note to OCWEN it's service for the purpose of continuing foreclosure proceeding on behalf of DBNTC which the court found as compelling.

In the case at bar, the Trustee has not provided the collateral file and computer records, showing when Greenpoint actually received the note from the closing attorney Mildred N. Phillips. The Debtor requests that the Court order the Trustee to provide direct evidence to support every declaration in John Wildrick's affidavit.

**(4) The purported sale of the note to DLJ Mortgage Capital Inc. never occurred.**

The documentation the trustee presented to prove that Greenpoint sold the note to DLj and DLJ contributed the note to the pooling service agreement is not signed, and does not have any indicia of reliability.

In addition, paragraph 1 of the commitment letter calls for the delivery of the original note no later than 5 business days prior to the closing date. It is undisputed that Greenpoing was not in possession of the note for that period in time. So, the agreement has no value to these proc edings

**(5) The chain of assignment of the mortgage is incomplete.**

As a proper chain of title will show that upon closing the mortgage was assigned to MERS as nominee, and MERS assigned the mortgage to US bank in 2009.

However, Greenpoint was the original holder of the mortgage, then it sold the mortgage to DLJ and then Capital one bought the assets n 2006-2007 The Trustee ignores the fact that Capital One was once the holder of the mortgage and beneficial owner of the note.

## Conclusion

(1) The trustee cannot enforce the correction agreement because Mrs. Scott s bankruptcy terminated her obligations on the correction agreement and the note.

(2) The trustee is not the lender on the loan modification agreement.

(3) The Trustee canot place an equitable lien or subrogate the discharged mortgage as the registry of deeds reflects the original mortgage satisfied, prior to Mrs. Scott's bankruptcy. Plus, there may also be a statute of limitations issue. Moreover, the original mortgage as in Mrs. Scott's name only, wh e the property is presently held as tenants by the entirety

9

(4) The chain of assignment of the mortgage is incomplete.

(5) The loan modification agreement modifies the note and the mortgage but it does not replace the original note. Moreover, it is unenforceable by its own terms it is not authentically signed.

Scott asks that the court have the trustee provide a copy of the original collateral file with the computer data records as it relates to the possession of the mortgage note. Furthermore, the trustee should explain how Capital One plays a role in ownership and possession of the note and the mortgage.

Respectfully submitted;

Michael D. Scott
772 Saint Joseph Street
Loretto PA 15940
April 20, 2019

## Certificate of Service

I, Michael D. Scott, hereby certify that I have mailed a copy of this motion to the bankruptcy court for filing. In addition, I have mailed via First Class United States Mail to counsel for the Trustee a copy of this motion.

Respectfully submitted;

Michael D. Scott

* Effective May 1, 2019, OCWEN Loan Servicing will join forces with PHH Mortgage Services, and PHH will be the new servicer of the loan.

UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: Michael David Scott                    Chapter 7

    Debtor                                 17-70045-JAD

                                                             Adv. No. 17-07028-JAD

Michael David Scott

    Plaintiff

V.

U.S. Bank National Associates

As Trustee For Credit Suisse First Boston

Mortgage Securities Corp. OCWEN Loan

Servicing LLC and

Korde & Associates P.C.

### Certification Of Receipt

I, Michael David Scott, do hereby certify that on April 9th, 2019, on or around 5:15 P.M. I received a copy of the transcript from Attorney Brett Messinger, counsel for U.S. Bank. On Monday, April 22, 2019, I mailed a copy of the motion by first class mail United States Postal Service.

Signed under the pains and penalties of perjury.

Michael D. Scott
April 21, 2019.