# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>MICHAEL DAVID SCOTT,<br><br>Debtor. | CHAPTER 7<br><br>BANK. CASE NO. 17-70045-JAD |
| MICHAEL DAVID SCOTT,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-AR7, OCWEN LOAN SERVICING, LLC, and KORDE & ASSOCIATES, P.C.,<br><br>Defendants, | ADVERSARY NO. 17-07028 JAD |

**SECOND SUPPLEMENTAL BRIEF OF U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2004-AR7 IN RESPONSE TO THE COURT'S JUNE 29, 2018 ORDER**

U.S. Bank, National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Mortgage Pass Through Certificates, Series 2004-AR7 ("*Trustee*") hereby files it supplemental response to the Court's June 29, 2018 Order (ECF No. 55), and respectfully states as follows:

## I. INTRODUCTION

1. This matter involves Debtor's challenge to Trustee's ability to enforce a Note and Mortgage encumbering Debtor's property located at 40 Old Stable Drive, Mansfield, MA 02048

1

("***Property***").  ECF 1.  Even though the original Note is lost, there are a number of alternate ways for Trustee to enforce the subject Note and Mortgage.

2. First, due to the Loan Modification Agreements between Debtor and Trustee in 2010 and 2013. Debtor reaffirmed the repayment obligations under the Note.  ECF No. 101.

3. Second, because the original Note was lost while it was in Greenpoint Mortgage Funding, Inc.'s ("***Greenpoint***") possession, Trustee can enforce the Note and Mortgage on Greenpoint's behalf under Massachusetts law.  ECF No. 134.

4. Third, Trustee asserts that under the Correction Agreement executed at origination, Debtor is obligated to execute a replacement note.  ECF No. 101.

5. At the hearing held on November 30, 2018, the Court raised concerns with positions taken by Trustee since 2009 through the present action.

6. Trustee filed a Supplemental Brief to respond to the Court's concerns on March 21, 2019.  ECF No. 176.

7. Debtor filed his Supplemental Brief on April 24, 2019.  ECF No. 184.  In his Supplemental Brief, Debtor raised numerous other issues not addressed by the Court or that it directed be briefed.

8. On April 29, 2019, the Court granted Trustee until June 25, 2019, to brief these new issues.  ECF No. 191.

## II. TRUSTEE'S RESPONSES TO THE ISSUES RAISED BY DEBTOR

**A. Whether Bank of America was acting as the lender or as the agent of the lender, when it draft and entered into the 2013 Loan Modification Agreement. ECF No. 184 at pg. 5.**

9. Bank of America, N.A. ("***BANA***") was acting as the servicer and attorney in fact for Trustee when it executed the 2013 Loan Modification.  *See* Declaration of Nichole Renee Williams attached hereto as **Exhibit "A"** ("***BANA Dec.***"), at ¶ 9 and Ex B. thereto.

2

**B. Whether Greenpoint sold the note via lost note affidavit to BOA on November 25, 2009.  ECF No. 184 at pg. 5.**

10. No. BANA was the servicer and attorney in fact for Trustee for the Note and Mortgage. BANA Dec. at ¶ 3 and 7. BANA did not purchase or acquire the subject loan from Trustee. BANA Dec. at ¶ 10.

**C. Whether a mortgage survives a bankruptcy discharge. ECF No. 184 at pg. 6.**

11. First, if the Court were to rule for Debtor, Trustee might be found unable to enforce the Note, but the Mortgage would not be extinguished. Greenpoint, the entity that lost the Note, could still enforce the Mortgage, with Trustee as its agent. In the extremely unlikely event the Court were to go beyond Massachusetts law and extinguish the Mortgage, then Trustee would be entitled to additional equitable rights.[1]

12. Second, Debtor equates a satisfied mortgage with a bankruptcy discharge. *See* Mot. p. 6. Mrs. Scott received her discharge, but that did not automatically satisfy the Mortgage. Satisfaction occurs only when the "mortgage servicer or note holder who receives full payment and satisfaction of the conditions of a mortgage[.]" Mass. G. L.C. § 55(a)(1). Even foreclosure does not satisfy a mortgage. *Wells Fargo Bank, Nat'l Ass'n v. Khursheed*, No. 18-ADSP-91NO, 2019 WL 1989189, at *3 (Mass. Dist. Ct. Apr. 29, 2019). Likewise, a chapter 7 discharge extinguishes "only one mode of enforcing a claim – namely, an action against the debtor *in personam*[.]" *Johnson v. Home State Bank,* 501 U.S. 78, 83 (1991). Debtor has not satisfied the Mortgage.

13. Then, citing no law whatsoever, Debtor contends "[it] is open to legitimate question of law and fact whether a satisfied mortgage survives a bankruptcy discharge." Mot. p.

---

[1] If subrogated, equity would grant Trustee an equitable lien. *See* ECF No. 176; Supplemental Br. n. 3. Debtor has never contended that it would be inequitable for the Court to grant such a lien.

6. Not so. As prior briefing has informed Debtor, the Supreme Court foreclosed any such uncertainty decades ago. Liens survive the debtor's discharge. *Johnson*, 501 U.S. at 83.

14. Such has been Third Circuit law even longer: "the Bankruptcy Code and its legislative history plainly establish the better rule of law-that valid **liens** that have not been disallowed or avoided **survive the bankruptcy discharge** of the underlying debt." *Estate of Lellock v. Prudential Ins. Co. of Am.*, 811 F.2d 186, 188 (3d Cir. 1987) (emphasis added). Hence, post-discharge, a mortgage "has the same properties as a non-recourse loan." *Johnson*, 501 U.S. at 86; *c.f. Dewsnup v. Timm*, 502 U.S. 410, 417 (1992) (finding lien-avoidance under Section 506(a) "applies only to the security aspect of the lien and then only to the real deficiency in the security."). Consequently, a creditor's attempt to enforce its post-discharge lien rights cannot violate the discharge injunction. *In re Cusato*, 485 B.R. 824, 828 (Bankr. E.D. Pa. 2013).

### D. Whether Greenpoint can authorize Trustee to enforce the Note and Mortgage on its behalf. ECF No. 184 at pg. 7.

15. Greenpoint can authorize Trustee to enforce the Note and Mortgage on its behalf. First, controlling authority dictates that two parties can create an agency relationship by mutual consent that the agent is to act on behalf and for the benefit of the principal, and subject to the principal's control. *See Kirkpatrick v. Boston Mut. Life Ins. Co.*, 393 Mass. 640, 645 (1985), citing Restatement (Second) of Agency s. 1 (1958); Restatement (Second) of Agency, *supra* at s.s. 14, 15 comments a, b. *See also Patterson v. Barnes*, 317 Mass. 721, 723 (1945) (fundamental element of agency relationship is that agent act on behalf and for benefit of principal).

16. Here, Greenpoint authorized Trustee to enforce the Note and Mortgage on its behalf. ECF No. 134 at ¶ 16. In the event the Court were to find Trustee is unable to enforce the Note and Mortgage in its own right, it will consent to act as Greenpoint's agent to enforce the Note and Mortgage.

17. Second, agents may foreclose on behalf of principals. In *Eaton v. Fannie Mae*, 969 N.E.2d 1118, 1130-1133 (2012), the court construed the term "mortgagee" in G. L. c. 244, § 14, to mean a mortgagee who also holds the underlying mortgage note or acts on behalf of the note holder. The Court in *Eaton* clarified that a foreclosing mortgagee does not have to have physical possession of the mortgage note in order to effect a valid foreclosure. *Id*. Rather, the Court interpreted G. L. c. 244, §§ 11-17C (and particularly § 14), and G. L. c. 183, § 21, to permit one who, although not the note holder himself, acts as the authorized agent of the note holder, to stand "in the shoes" of the "mortgagee" as the term is used in these provisions. *Id.* at 1134 ("We have focused principally on the statutes governing mortgage foreclosure by sale and have concluded that where a mortgagee acts with the authority and on behalf of the note holder, the mortgagee may comply with these statutory requirements without physically possessing or actually holding the mortgage note."). In *Zullo v. HMC Assets*, LLC, 2017 Mass. LCR LEXIS 116, at *25 (Mass. Land Ct. 2017), the Court discussed enforcement of the loan documents where a note is lost, and following the holding in *Eaton*, held that a party could enforce a lost note where it shows it is acting on behalf of the note holder.

18. Greenpoint was in possession of the Note when it was lost. ECF No. 134 at ¶ 14. Thus, under G.L. c. 106, § 3-309(a), Greenpoint is the note holder. As the note holder, Greenpoint can authorize Trustee to act as its agent to enforce the Note and related Mortgage, and, in fact has so authorized Trustee. ECF No. 134 at ¶ 16.

> **E. Whether the sale of the Note by Greenpoint to DLJ Mortgage ever occurred. ECF No. 184 at pg. 8.**

Greenpoint sold Debtor's loan to DLJ Mortgage, as evidenced by letter dated June 7, 2004 between Greenpoint and DLJ Mortgage and the Seller's Purchase, Warranties and Servicing Agreement Dated as of September 1, 2003, between DLJ Mortgage and Greenpoint.

5

ECF No. 167-1. Possession of the original Note, however, was not transferred, as it was lost while in Greenpoint's possession. ECF No. 134-1.

      F. **Whether the chain of assignments is incomplete**.

19.    The chain of assignments is complete. Debtor's loan was assigned in the land records, as follows:

    a. from Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for GreenPoint Mortgage Funding, Inc., to U.S. Bank National Association as Trustee for the Certificate holders of Mortgage-Backed Pass Through Certificates, Series 2004-AR7 by an Assignment of Mortgage dated December 14, 2009, and recorded February 3, 2010, in the land records of Bristol County, Massachusetts in Book 18596, Page 21; and

    b. from U.S. Bank National Association as Trustee for the Certificate holders of Mortgage-Backed Pass Through Certificates, Series 2004-AR7, to Trustee, by an Assignment of Mortgage dated August 17, 2015, recorded August 27, 2015, in the land records of Bristol County, Massachusetts, in Book 22495, Page 118. ECF 101-6 and 101-7.

### III. CONCLUSION

WHEREFORE, Trustee respectfully requests that the Court enter judgment in favor of Trustee.

Dated: June 25, 2019                                Respectfully submitted,

                                                   */s/ Brett L. Messinger*
Brett L. Messinger
Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103
Telephone:    (215) 979-1000
Email: BLMessinger@duanemorris.com

*Attorneys for U.S. Bank, National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp., Mortgage Pass Through Certificates, Series 2004-AR7*