## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>MICHAEL DAVID SCOTT a/k/a The Crawford Group LLC a/k/a Macauley Family Realty Trust,<br><br>Debtor. | CHAPTER 7<br><br>BANK. CASE NO. 17-70045-JAD |
| MICHAEL DAVID SCOTT,<br><br>      Plaintiff,<br><br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-AR7, OCWEN LOAN SERVICING, LLC, and KORDE & ASSOCIATES, P.C.,<br><br>      Defendants, | ADVERSARY NO. 17-07028 JAD<br><br>Related Doc. 138 |
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-AR7, OCWEN LOAN SERVICING, LLC, and KORDE & ASSOCIATES, P.C.,<br><br>      Movant,<br><br>vs.<br><br>MICHAEL DAVID SCOTT,<br><br>      Respondent. | |

## DECLARATION OF BANK OF AMERICA, N.A.

I, *Nichole Renee Williams* being duly sworn, declare (the "***Declaration***"), pursuant to

28 U.S.C. § 1746, that the following facts are true and correct to the best of my knowledge,

information and belief:

1.      I am over 18 years of age.  In connection with making this Declaration, I have

personally examined Bank of America, N.A.'s business records associated with the loan

identified below. As a result of this review, I know the facts set forth in this Declaration based

upon my own personal knowledge and if called and sworn as a witness could competently testify

thereto.

2.      I am employed as a *Assistant Vice President* by Bank of America, N.A.

("***BANA***").

3.      I make this Declaration on behalf of BANA as prior servicer for U.S. Bank,

National Association, as Trustee for Credit Suisse First Boston Mortgage Securities Corp.,

Mortgage Pass Through Certificates, Series 2004-AR7 ("***US Bank***").

4.      BANA was the prior servicer for the loan identified as follows ("***Loan***"):

BANA Loan No.: ******2746
Borrowers:  Michael David Scott and Eunice M. Scott ("***Borrowers***")
Property Address: 40 Old Stable Road, Mansfield, MA 02048 ("***Property***")

5.      In preparation of this Declaration, I reviewed business records related to a loan

previously serviced by BANA.

6.      In the regular performance of my job functions, I have access to and am familiar

with business records maintained by BANA for the purpose of servicing mortgage loans,

including the Loan.  These records (which include but are not limited to, data compilations,

electronically imaged documents, and others) were made at or near the time of the events or

activities reflected in such records by, or from information provided by, persons with knowledge

2

of the activities and transactions reflected in such records, and are kept in the course of business

activity conducted regularly by BANA ("***Records***").  It is the regular practice of BANA's

mortgage servicing business to create and maintain these records.  In connection with executing

this affidavit, I reviewed and relied upon the Records.

7.   BANA serviced the Loan from December 2008 through February 2014.

8.   During BANA's time as servicer for the Loan, BANA executed and implemented

the Loan Modification Agreement dated June 15, 2010 ("***2010 LMA***") on behalf of US Bank.  A

true and correct copy of the 2010 LMA is attached hereto as **Exhibit A.**

9.   BANA, as servicer for US Bank, executed and implemented the Loan

Modification Agreement dated June 5, 2013 ("***2013 LMA***").  A true and correct copy of the 2013

LMA is attached hereto as **Exhibit B.**

10.   BANA did not purchase or acquire the Loan from US Bank.

11.   BANA acted as servicer and attorney in fact for US Bank through a power of

attorney, a true and correct copy of which is attached hereto as **Exhibit C.**


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.  Executed this _30_ day of _May_____, 2019.

BY _____

[INSERT NAME]
Nichole Renee Williams
Assistant Vice President
Bank of America, N.A.

EXHIBIT A

Case 17-07028-JAD    Doc 193-1    Filed 06/25/19    Entered 06/25/19 16:38:27    Desc
Case 17-07028-JAD    Doc 101-7    Filed 01/29/18    Entered 01/29/18 16:08:39    Desc
Exhibit G    Page 2 of 5
Exhibit G    Page 2 of 5

Case 09-13820    Doc 304    Filed 07/08/10    Entered 07/08/10 11:09:27    Desc Main
Document    Page 7 of 13

RECORDING REQUESTED BY:
BAC Home Loans Servicing, LP
Attn Home Retention Division: SV-HRD S-L
400 Countrywide Way
Simi Valley, CA 93065

Loan #: ████2746

-----------SPACE ABOVE THIS LINE FOR RECORDER'S USE-----------

## LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), made 15th day of June 2010, between EUNICE M JAMES-SCOTT, MICHAEL DAVID SCOTT  and BAC Home Loans Servicing, LP (Lender), amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the Security Instrument), dated the 26th day of April 2004 and recorded on the 3rd day of May 2004 in Book No. 13608, Page No. 328 as Document No. None in the Official Records of BRISTOL County, in the State of  MASSACHUSETTS , and (2) the Note bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as in the 'Property', located at 40 OLD STABLE DR, MANSFIELD, MA  2048.

The real property described being set forth as follows:

See Exhibit A

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of the 1st day of September 2010, the amount payable under the Note or Security Instrument (the "Unpaid Principal Balance") is U.S. $552,946.73, consisting of the amount(s) loaned to the Borrower by Lender, which may include, but are not limited to, any past due principal payments, interest, fees and/or costs capitalized to date. All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

2. The Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of the Lender.  Interest will be charged on the Unpaid Principal Balance at the yearly rate of 2.000% from the 1st day of August 2010 . See below table for additional interest rate and payment effective dates per the modified loan terms.  The Borrower promises to make monthly payments according to this schedule beginning on the 1st day of September 2010. If on the 1st day of May 2034 (the "Maturity Date"), the Borrower still owes amounts under the Note and Security Instrument, as amended by this Agreement, the Borrower will pay these amounts in full on the Maturity Date.

The payment schedule for this modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Type of Payment | Monthly Payment | Payment Begins on | Number of Monthly Payments |
|---|---|---|---|---|---|---|
| 1 | 2.000% | 8/1/2010 | Principal and Interest | $2,879.97 | 9/1/2010 | 12 |
| 2 | 3.000% | 8/1/2011 | Principal and Interest | $3,193.18 | 9/1/2011 | 12 |
| 3 | 4.000% | 8/1/2012 | Principal and Interest | $3,512.28 | 9/1/2012 | 261 |
| | | | | | | |

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

(a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

(b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. The Borrower will make such payments at 400 Countrywide Way, Simi Valley, CA 93065 or at such other place as the Lender may require.

6. Nothing in this agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and the Borrower and Lender will be bound by, and comply with, all terms and provisions thereof, as amended by this Agreement.

7. In consideration of this Modification, Borrower agrees that if any document related to the Security Instrument, Note and/or Modification is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, Borrower(s) will comply with Lender's request to execute, acknowledge, initial and deliver to Lender any documentation Lender deems necessary. If the original promissory note is replaced the Lender hereby indemnifies the Borrower(s) against any loss associated with a demand on the original note. All documents Lender requests of Borrower(s) shall be referred to as Documents. Borrower agrees to deliver the Documents within ten (10) days after receipt by Borrower(s) of a written request for such replacement.

As evidenced by their signatures below, the Borrower and the Lender agree to the foregoing.

_____    _____
EUNICE M JAMES-SCOTT                                         Date

_____    _____
MICHAEL DAVID SCOTT                                           Date

STATE OF _____
County OF _____
On _____ Before me, _____ Notary Public, personally appeared
_____
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signatures (s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.            Signature _____

Do Not Write Below This Line.

*********************************************************************************

THIS SECTION IS FOR INTERNAL BANK OF AMERICA HOME LOANS SERVICING, LP USE ONLY

By: _____               Dated:

_____                   _____

STATE OF _____

County OF _____

On _____ Before me, _____ Notary Public, personally appeared

_____

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signatures (s) on the instrument the person(s), or entity upon behalf of which the
person(s) acted, executed the instrument.

WITNESS my hand and official seal.
Signature

Exhibit "A"

The land in Mansfield, Bristol County, Massachusetts, being shown as Lot 167 on a
plan entitled "Definitive Plan of 'Sterns Mill Estates' A subdivision in Mansfield Mass.
Scale 1 " 100, . Nov. 24, 1989, Rev. Jan. 22,1990, Feb. July 12,1990, Rev. Nov. 9,1990,
RIM Engineering Co., Inc." which plan is recorded with the Bristol North District Registry
of Deeds in Plan Book 310, Pages 40 to 54, see Pages 51 and 53, to which plan
reference is hereby made for a more particular description.

For title, see deed to Eunice M. James-Scott to Eunice M. James-Scott and Michael
David Scott recorded with said Registry of Deeds in Book 13098, Page 33

EXHIBIT B

**Modification Agreement**
**(Servicer Copy)**

Bank of America 🔷 Home Loans

RECORDING REQUESTED BY:
Bank of America, N.A.
Attn Home Retention Division: CA6-919-02-46
400 NATIONAL WAY
Simi Valley, CA 93065

Loan #: ████████2048

BAC MODIFICATION AGREEMENT – Single Family/NMS with Forbearance
(C3_3477 rev. 12/12) Bank of America, N.A.                 (Page 1 of 11 pages)


2746+BACBSMPMD_05092013_B

C3_3477-3

This document was prepared by
Home Retention Services, Inc.,
Modifications Department
9700 Bissonnet Street
Suite 1500
Houston, TX 77036
1.877.422.1761

_____ *SPACE ABOVE THIS LINE FOR RECORDER'S USE* _____

## LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement"), effective on the date set forth below, between Eunice M James-Scott and Michael David Scott, (the "Borrower(s)") and Bank of America, N.A. ("Lender") amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the 26 day of April, 2004 and in the amount of $636,000.00, and (2) the Note bearing the same date as, and secured by, the Security Instrument (the "Note") which covers the real and personal property described in the Security Instrument and defined therein as in the "Property", located at 40 Old Stable Dr, Mansfield, MA 02048.

If my representations in Section 1 below continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3 below, amend and supplement (1) Security Instrument on the Property and (2) the Note secured by the Security Instrument, and any previous modifications to the Security Instrument and/or Note. The Security Instrument and Note together, as they may previously have been amended, are referred to as the "Loan Documents". Capitalized terms used in this Agreement and not defined here have the meaning given to them in the Loan Documents.

I have received three copies of this Agreement. After I sign and return two copies of this Agreement to Lender, I will retain the other copy for my records. This Agreement will not take effect unless the preconditions set forth in Section 2 below have been satisfied.

1.     **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

BAC MODIFICATION AGREEMENT – Single Family/NMS with Forgiveness.
(C3_3477 rev. 12/12) Bank of America, N.A.                     (Page 2 of 11 pages)



2746+BACBSMPMD_05092013_B                                        C3_3477-3

I am experiencing a financial hardship, and as a result, (1) I am in default under the Loan Documents or my default is imminent, and (2) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future.

A.  The property is currently occupied and there has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow.

B.  I have provided documentation for all income that I receive that I am required to disclose, and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for this Loan Modification ("Modification").

C.  Under penalty of perjury, all documents and information that I (or any third party on my behalf) have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Modification, are true and correct to the best of my information and belief.

D.  I have made all payments required under a trial period plan or loan workout plan.

E.  I received a discharge in a Bankruptcy proceeding after the execution of the Loan Documents. Based on this representation, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

2.  **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

A.  If prior to the Modification Effective Date as set forth in Section 3 below, Lender determines that any of my representations in Section 1 above are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In that event, Lender will have all of the rights and remedies provided by the Loan Documents; and

B.  I understand that the Loan Documents will not be modified unless and until (1) I return a signed and notarized (if required) copy of this Agreement to Lender, (2) the Lender accepts this Agreement by signing it, and (3) the Modification Effective Date (as defined in Section 3 below) has occurred.

3.  **The Modification.** If all of my representations in Section 1 continue to be true in all material

BAC MODIFICATION AGREEMENT – Single Family/NMS with Forgiveness
(C3_3477 rev. 12/12) Bank of America, N.A.                    (Page 3 of 11 pages)



2746+BACBSMPMD_05092013_B                                    C3_3477-3

respects and all preconditions to the modification set forth in Section 2 above have been met, the Loan Documents will automatically become modified on June 01, 2013 (the "Modification Effective Date").

A.  As part of this Modification, I agree that all amounts and arrearages that are or will be past due as of the Modification Effective Date, including unpaid and deferred interest, fees, charges, escrow advances, and other costs, but excluding unpaid late charges, (collectively "Unpaid Amounts") less any amounts paid to Lender but not previously credited to my Loan, will be added to the current principal balance of the Note. This combined principal balance will be $686,535.89 (the "Combined Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement unless those amounts are either deferred as non-interest bearing or forgiven as specified in this Agreement.

B.  $26,266.89 of the Combined Principal Balance is hereby permanently forgiven, and will be deducted from the unpaid principal balance. I further acknowledge that Lender may be required to report the amount of principal forgiveness to the IRS and that any tax liability arising out of that forgiveness shall be my responsibility. I further acknowledge that Lender has recommended that I consult my own tax advisor to determine how this forgiveness impacts my personal situation.

C.  As of the Modification Effective Date the principal balance of the loan that remains due and payable is $660,269.00 (the "New Principal Balance").

D.  $192,854.56 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The New Principal Balance, minus the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $467,414.44.

Interest at the rate of 2.000% will begin to accrue on the Interest Bearing Principal Balance as of May 01, 2013, and the first new monthly payment on the Interest Bearing Principal Balance will be due on June 01, 2013. My payment schedule for the modified loan is as follows:



2746+BACBSMPMD_05092013_B

C3 3477-3

| Years | Interest Rate | Interest Rate Change Date | Type of Payment | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|-------|---------------|---------------------------|-----------------|-----------------------------------------------|------------------------------------------|------------------------|-------------------|----------------------------|
| Years 1-5 | 2.000% | 5/01/2013 | Principal and Interest | $2,273.04 | $875.43 May adjust periodically | $3,148.47 May adjust periodically | 06/01/2013 | 60 |
| Year 6 | 3.000% | 5/01/2018 | Principal and Interest | $2,449.95 | May adjust periodically | May adjust periodically | 06/01/2018 | 12 |
| Years 7-21 | 3.375% | 5/01/2019 | Principal and Interest | $2,514.44 | May adjust periodically | May adjust periodically | 06/01/2019 | 180 |

\*    If escrow payments are collected by Lender, Lender may adjust such payments periodically in accordance with applicable law. Therefore, my total monthly payment may change accordingly.

The terms in this Section 3.D. supersede any provisions to the contrary in the Loan Documents, and previous loan modifications including (but not limited to) provisions for an adjustable or interest-only rate.

The total remaining principal balance that will be due in a balloon payment at the maturity of my loan will be the Deferred Principal Balance described in paragraph D above. This means that, even if I make all of the scheduled payments on time and comply with all other terms of the modified loan agreement, a principal balance of $192,854.56 will remain unpaid at the time of the scheduled maturity date. This balance will not accrue interest at the Note rate and is sometimes called a balloon payment. I will need to make arrangements to pay this remaining balance when I payoff my loan, when I transfer an interest in (unless permitted by applicable law), refinance or sell the Property, or at maturity.

E.    I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

BAC MODIFICATION AGREEMENT – Single Family/NMS with Forgiveness
(C3_3477 rev. 12/12) Bank of America, N.A.        (Page 5 of 11 pages)



2746+BACBSMPMD_05092013_B                C3  3477-3

F.  If I make a partial prepayment of Principal, Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due and no prepayment penalty or fee will be charged.

4.  **Additional Agreements.** Lender and I agree to the following:

A.  All persons, or their authorized representative(s), who signed the Loan Documents have signed this Agreement, unless (1) a borrower or co-borrower is deceased; (2) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, meaning that the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (3) Lender has waived this requirement in writing. This Agreement may be executed in separate counterparts, each of which shall be deemed an original.

B.  This Agreement supersedes the terms of any modification, forbearance, trial period plan, or loan workout plan that I previously entered into with Lender.

C.  I will comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of the Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments, the amount of which may periodically change over the term of my Loan.

D.  The Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

E.  All terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. Except as otherwise specifically provided in, and as expressly modified by, this Agreement, Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

F.  I will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Security Instrument as a lien or encumbrance on the Property; (b)

BAC MODIFICATION AGREEMENT – Single Family/NMS with Forgiveness
(C3_3477 rev. 12/12) Bank of America, N.A.                    ¡Page 6 of 11 pages¡



2746•BACBSMPMD_05092013_B                                     C3_3477-3

leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items". I shall promptly furnish to Lender all notices of amounts to be paid under this Section 4.F. I shall pay Lender the Funds for Escrow Items unless Lender waives my obligation to pay the Funds for any or all Escrow Items. Lender may waive my obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, I shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. My obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If I am obligated to pay Escrow Items directly, pursuant to a waiver, and I fail to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and I shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, I shall pay to Lender all Funds, and in such amounts, that are then required under this Section 4.F.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

G.    On and after the Modification Effective Date, and notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, Lender shall not exercise this option if state or federal law, rules, or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must

BAC MODIFICATION AGREEMENT – Single Family/NMS with Forgiveness
(C3_3477 rev. 12/12) Bank of America, N.A.                    (Page 7 of 11 pages)


2746+BACBSMPMD_05092013_B

C3  3477-3

pay all sums secured by the Security Instrument. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand, to the extent such action is not prohibited by applicable state and federal law.

H.    On and after the Modification Effective Date, Lender will allow the transfer and assumption of the Loan, including this Agreement, only to a transferee of my property as permitted under the Garn-St Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I.    On and after the Modification Effective Date, any provision in the Note (or in any addendum or amendment to the Note) that allowed for the assessment of a penalty for full or partial prepayment of the Note, is null and void.

J.    I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by Lender's procedures to ensure that the modified mortgage loan is in first-lien position and/or is fully enforceable upon modification. Under any circumstance and not withstanding anything else to the contrary in this Agreement, if Lender does not receive such title endorsement(s), title insurance product(s), and/or subordination agreement(s), the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void. I will allow Lender to attach an Exhibit to this Loan Modification that will include a Legal Description, recording information of the original security instrument, and any other relevant information required by a County Clerk's Office to allow for recording if and when recording becomes necessary for Lender.

K.    I will execute such other documents as may be reasonably necessary either to (1) consummate the terms and conditions of this Agreement; or (2) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. If I elect not to sign any such correction documents, the terms of the original Loan Documents, or the most recent modified terms currently in effect, shall, at Lender's sole option, continue in full force, and the terms of the original Loan Documents, or the most recent modified terms currently in effect, will not be modified by this Agreement.

L.    Any optional product(s) I may have purchased after the closing of my Loan, the cost for

BAC MODIFICATION AGREEMENT – Single Family/NMS with Forgiveness
(C3_3477 rev. 12/12) Bank of America, N.A.        (Page 8 of 11 pages)


2746+BACBSMPMD_05092013_B

C3_3477-3

which I agreed to have added to my Total Monthly Payment, will (1) remain in force as long as I add the amount due and owing to my Total Monthly Payment each month and (2) continue to be governed by the terms of the documents the provider of the optional product delivered to me ("Governing Documents"), unless I (a) notify the provider of the optional product of my request to cancel; or (b) fail to pay any and all amounts payable when due, at which time the optional product may terminate as provided under the Governing Documents. If I have questions about any optional product(s) I may have purchased, I should contact Bank of America, N.A.

M.    I agree and consent to the disclosure of my personal information and the terms of this Modification Agreement by Lender or its agents to (a) governmental authorities, including the U.S. Department of the Treasury and Department of Justice, and their agents, (b) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services this Loan or any subordinate lien on the Property; (c) companies that perform support services in conjunction with this Modification and (d) any HUD-certified housing counselor.

If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, this notice is for information only and is not an attempt to collect the debt, a demand for payment, or an attempt to impose personal liability for that debt. You are not obligated to discuss your home loan with us or enter into a loan modification or other loan-assistance program. You should consult with your bankruptcy attorney or other advisor about your legal rights and options.

If you are currently in a bankruptcy proceeding, approval of any program for which you may be eligible is contingent on approval by the bankruptcy court in your bankruptcy case.

BAC MODIFICATION AGREEMENT – Single Family/BK'S with Forgiveness
(C3  3477 rev. 12/12) Bank of America, N.A.                                      (Page 9 of 11 pages)



2746+BACBSMPMD_05092013_B                                                C3  3477-3

As evidenced by their signatures below, the Borrower and the Lender agree to the foregoing.



_____    _____
Borrower  Eunice M James-Scott      Date  5/15/2013

_____    _____
Borrower  Michael David Scott       Date  5· 15 ·13

**BAC MODIFICATION AGREEMENT** – Single Family/NMS with Forgiveness,
(C3_3477 rev. 12/12) Bank of America, N.A.                    (Page 15 of 11 pages)

2746+BACBSMPMD_05092013_B

C3_3477-3

**DO NOT WRITE BELOW THIS LINE**

THIS SECTION IS FOR INTERNAL USE ONLY

Bank of America, N.A., for itself or as successor by merger to BAC Home Loans Servicing, LP

By: Stewart Lender Services, Inc., its attorney in fact

By: _____

Date _____

_____, Stewart Lender Services, Inc.

BAC MODIFICATION AGREEMENT – Single Family/NMS with Forgiveness
(C3 3477 rev. 12/12) Bank of America, N.A.                    (Page 11 of 11 pages)



2746+BACBSMPMD_05092013_B

C3 3477-3

**DO NOT WRITE BELOW THIS LINE**

THIS SECTION IS FOR INTERNAL USE ONLY

Bank of America, N.A., for itself or as successor by merger to BAC Home Loans Servicing, LP

By: Stewart Lender Services, Inc., its attorney in fact

By: _____        6-5-13

    Myra Leblanc, S.V.P., Stewart Lender Services, Inc.        Date

EXHIBIT C

## Document No. 2010-12965

**\*\*\*DO NOT REMOVE THIS PAGE – IT IS A PART OF THIS INSTRUMENT\*\*\***

9 Pages

**Parties:**     U S BANK NATIONAL ASSOCIATION

              **to**

              WILSHIRE CREDIT CORPORATION

| FILED AND RECORDED – REAL RECORDS | CLERKS NOTES |
|---|---|
| **On:**          11/02/201001:25 PM | At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photocopy, discolored paper, etc. All blackouts, additions and changes were present at the time the instrument was filed and recorded. |
| **Document Number:** 2010-12965 | |
| **Receipt No:**        10-15638 | |
| **Amount:**     $    44.00 | |
| **Linda Brooks, County Clerk**<br>**Hunt County, Texas** | |



STATE OF TEXAS
COUNTY OF HUNT
I hereby certify that this instrument was filed on the date and time stamped hereon by me and was duly recorded in the named records of Hunt County, Texas.
                      **Linda Brooks, County Clerk**

              Recorded By: _____ Diane Mueller _____ , Deputy

**ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.**

**Record and Return To:**

RECONTRUST COMPANY
ATTN CHDLR-C-88
2575 W CHANDLER BLVD
CHANDLER, AZ 85224



(AREA ABOVE IS RESERVED FOR COUNTY – RECORDING INFORMATION)

# (<u>Limited Power of Attorney</u>)

( _TX_ )        _Hunt_
<br>    State                    County/Town

Grantor:    U.S. Bank National Association, as Trustee
<br>            60 Livingston Avenue, 3rd Floor
<br>            Saint Paul, MN 55107

Grantee:    BAC Home Loans Servicing, LP
<br>            **2575 W Chandler Blvd**
<br>            **Chandler AZ 85224**

Prepared By: Manju John

AFTER RECORDING, RETURN BY MAIL TO:
<br>**RECONTRUST COMPANY, N.A**
<br>**2575 W Chandler Blvd, MS: AZ1-804-02-11**
<br>**Chandler, AZ 85224**

3.0
6
11

After recording, return to:
Wilshire Credit Corporation
14523 SW Millikan Way, #200
Beaverton, OR 97005
Attn: Title Service Department

Washington County, Oregon                    **2005-115641**
09/22/2005 10:27:56 AM
**D-PA**          Cnt=1  Stn=10  K BARNETT
$30.00 $8.00 $11.00 • Total = $47.00



00836773200501156410060064

I, Jerry Hanson, Director of Assessment and Taxation
and Ex-Officio County Clerk for Washington County,
Oregon, do hereby certify that the within instrument of
writing was received and recorded in the book of
records of said county.    Jerry Hanson

Jerry R. Hanson, Director of Assessment and Taxation,
Ex-Officio County Clerk

RECORDING REQUESTED BY:

2005-115641

_____ SPACE ABOVE THIS LINE FOR RECORDER'S USE _____

### *LIMITED POWER OF ATTORNEY*

**U.S. Bank National Association ("U.S. Bank")**, a national banking association organized and existing under the laws of the United States of America, 60 Livingston Ave, 3rd Floor, St. Paul, MN 55107 hereby constitutes and appoints Wilshire Credit Corporation and in its name, aforesaid Attorney-In-Fact if such documents are required or permitted under the terms of the Pooling and Servicing Agreements listed on Exhibit A, by and through any officers appointed by the Board of Directors of Wilshire Credit Corporation, to execute and acknowledge in writing or by facsimile stamp all documents customarily and reasonably necessary and appropriate for the tasks described in items (1) through (4) below; provided however, that the documents described below may only be executed and delivered by such Attorneys-In-Fact if such documents are required or permitted under the terms of the related servicing agreements and no power is granted hereunder to take any action that would be adverse to the interests of the Trustee or the Holders. This Power of Attorney is being issued in connection with Wilshire Credit Corporation's responsibilities to service certain mortgage loans (the "Loans") held by U.S. Bank in its capacity as Trustee. These Loans are comprised of Mortgages, Deeds of Trust, Deeds to Secure Debt and other forms of Security Instruments (collectively the "Security Instruments") and the Notes secured thereby.

1.      Demand, sue for, recover, collect and receive each and every sum of money, debt, account and interest (which now is, or hereafter shall become due and payable) belonging to or claimed by U.S. Bank National Association, and to use or take any lawful means for recovery by legal process or otherwise.

2.      Transact business of any kind regarding the Loans, and obtain an interest therein and/or buildings thereon, as U.S. Bank National Association's act and deed, to contract for, purchase, receive and take possession and evidence of title in and to the property and/or to secure payment of a promissory note or performance of any obligation or agreement.

3.      Execute bonds, notes, mortgages, deeds of trust and other contracts, agreements (including subordination agreements) and instruments regarding the Borrowers and/or the Property, including but not limited to the execution of releases, satisfactions, assignments, and other instruments pertaining to mortgages or deeds of trust, and execution of deeds and associated instruments, if any, conveying the Property, in the interest of U.S. Bank National Association.

4.      Endorse on behalf of the undersigned all checks, drafts and/or other negotiable instruments made payable to the undersigned.

**Witness** my hand and seal this 29th day of August, 2005.

(SEAL) **<u>NO CORPORATE SEAL</u>**

Witness: Kristy Frideres

Witness: M. Speltz

Attest:  Susan Burdick, Trust Officer

**U.S. Bank National Association, as Trustee**

By: _____
      S. Christopherson, Vice President

By: _____
      Charles F. Pedersen, Vice President

FOR CORPORATE ACKNOWLEDGMENT

STATE OF MINNESOTA)ss
COUNTY OF RAMSEY  )

On this 29th day of August, 2005, before me, the undersigned, a Notary Public in and for said County and State, personally appeared S. Christopherson, Charles F. Pedersen, and Susan Burdick, personally known to me (or proved to me on the basis of satisfactory evidence) to be the persons who executed the within instrument as Vice President, Vice President and Trust Officer respectively, of the corporation that executed the within instrument, and known to me to be the persons who executed the within instrument on behalf of the corporation therein named, and acknowledged to me that such corporation executed the within instrument pursuant to its by-laws or a resolution of its Board of Directors.

WITNESS my hand and official seal.

TRISHA L. WILLETT
Notary Public
Minnesota
My Commission Expires January 31, 2007

Signature _Trisha L. Willett_

Trisha L. Willett

(NOTARY SEAL)

My commission expires: January 31st, 2007

## EXHIBIT A

1. POOLING AND SERVICING AGREEMENT dated as of October 1, 2003 among CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. (Depositor), DLJ MORTGAGE CAPITAL, INC. (Seller), CHASE MANHATTAN MORTGAGE CORPORATION (Master Servicer), WASHINGTON MUTUAL MORTGAGE SECURITIES CORP. (Seller and Servicer), FAIRBANKS CAPITAL CORP (Servicer and Special Servicer), U.S. BANK NATIONAL ASSOCIATION (Trustee) and JPMORGAN CHASE BANK (Trust Administrator) relating to the Mortgage-Backed Pass-Through Certificates, Series 2003-AR26

2. POOLING AND SERVICING AGREEMENT dated as of November 1, 2003 among CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. (Depositor), DLJ MORTGAGE CAPITAL, INC. (Seller), CHASE MANHATTAN MORTGAGE CORPORATION (Master Servicer), WASHINGTON MUTUAL MORTGAGE SECURITIES CORP. (Seller and Servicer), GREENPOINT MORTGAGE FUNDING, INC. (Servicer), FAIRBANKS CAPITAL CORP (Servicer and Special Servicer), U.S. BANK NATIONAL ASSOCIATION (Trustee) and JPMORGAN CHASE BANK (Trust Administrator) relating to the Mortgage-Backed Pass-Through Certificates, Series 2003-AR28

3. POOLING AND SERVICING AGREEMENT dated as of December 1, 2003 among CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. (Depositor), DLJ MORTGAGE CAPITAL, INC. (Seller), WELLS FARGO BANK MINNESOTA, N.A. (Master Servicer and Trust Administrator), WASHINGTON MUTUAL MORTGAGE SECURITIES CORP. (Seller and Servicer), GREENPOINT MORTGAGE FUNDING, INC. (Servicer), FAIRBANKS CAPITAL CORP (Servicer and Special Servicer) and U.S. BANK NATIONAL ASSOCIATION (Trustee) relating to the Mortgage-Backed Pass-Through Certificates, Series 2003-AR30

4. POOLING AND SERVICING AGREEMENT dated as of January 1, 2004 among CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. (Depositor), DLJ MORTGAGE CAPITAL, INC. (Seller), WELLS FARGO BANK MINNESOTA, N.A. (Master Servicer and Trust Administrator), WASHINGTON MUTUAL MORTGAGE SECURITIES CORP. (Seller and Servicer), GREENPOINT MORTGAGE FUNDING, INC. (Servicer), FAIRBANKS CAPITAL CORP (Servicer and Special Servicer) and U.S. BANK NATIONAL ASSOCIATION (Trustee) relating to the Mortgage-Backed Pass-Through Certificates, Series 2004-AR1

5. POOLING AND SERVICING AGREEMENT dated as of February 1, 2004 among CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. (Depositor), DLJ MORTGAGE CAPITAL, INC. (Seller), WELLS FARGO BANK, N.A. (Master Servicer and Trust Administrator), WASHINGTON MUTUAL MORTGAGE SECURITIES CORP. (Seller and Servicer), WELLS FARGO HOME MORTGAGE, INC., FAIRBANKS CAPITAL CORP., GREENPOINT MORTGAGE FUNDING, INC. (Servicers), WILSHIRE CREDIT CORPORATION (Special Servicer) and U.S. BANK NATIONAL ASSOCIATION (Trustee) relating to the Mortgage-Backed Pass-Through Certificates, Series 2004-AR2

6. POOLING AND SERVICING AGREEMENT dated as of March 1, 2004 among CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. (Depositor), DLJ MORTGAGE CAPITAL, INC. (Seller), WELLS FARGO BANK, N.A. (Master Servicer and Trust Administrator), WASHINGTON MUTUAL MORTGAGE SECURITIES CORP. (Seller and Servicer), WELLS FARGO HOME MORTGAGE, INC., FAIRBANKS CAPITAL CORP., GREENPOINT MORTGAGE FUNDING, INC. (Servicers), WILSHIRE CREDIT CORPORATION (Special Servicer) and U.S. BANK NATIONAL ASSOCIATION (Trustee) relating to the Mortgage-Backed Pass-Through Certificates, Series 2004-AR3

7. POOLING AND SERVICING AGREEMENT dated as of April 1, 2004 among CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. (Depositor), DLJ MORTGAGE CAPITAL, INC. (Seller), WELLS FARGO BANK, N.A. (Master Servicer, Back-Up Servicer and Trust Administrator), WASHINGTON MUTUAL MORTGAGE SECURITIES CORP. (Seller and Servicer), WELLS FARGO HOME MORTGAGE, INC., FAIRBANKS CAPITAL CORP., GREENPOINT MORTGAGE FUNDING, INC. (Servicers), WILSHIRE CREDIT CORPORATION (Special Servicer) and U.S. BANK NATIONAL ASSOCIATION (Trustee) relating to the Mortgage-Backed Pass-Through Certificates, Series 2004-AR4

8. POOLING AND SERVICING AGREEMENT dated as of May 1, 2004 among CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. (Depositor), DLJ MORTGAGE CAPITAL, INC. (Seller), WELLS FARGO BANK, N.A. (Master Servicer, Servicer, Back-up Servicer and Trust Administrator), Chase Manhattan Mortgage Corporation, Master Servicer, WASHINGTON MUTUAL MORTGAGE SECURITIES CORP. (Seller and Servicer), FAIRBANKS CAPITAL CORP., GREENPOINT MORTGAGE FUNDING, INC. (Servicers), WILSHIRE CREDIT CORPORATION (Special Servicer) and U.S. BANK NATIONAL ASSOCIATION (Trustee) relating to the Mortgage-Backed Pass-Through Certificates, Series 2004-AR5

9. POOLING AND SERVICING AGREEMENT dated as of June 1, 2004 among CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. (Depositor), DLJ MORTGAGE CAPITAL, INC. (Seller), WELLS FARGO BANK, N.A. (Master Servicer, Servicer, Back-up Servicer and Trust Administrator), WASHINGTON MUTUAL MORTGAGE SECURITIES CORP. (Seller and Servicer), FAIRBANKS CAPITAL CORP., GREENPOINT MORTGAGE FUNDING, INC. (Servicers), WILSHIRE CREDIT CORPORATION (Special Servicer) and U.S. BANK NATIONAL ASSOCIATION (Trustee) relating to the Mortgage-Backed Pass-Through Certificates, Series 2004-AR6

10. POOLING AND SERVICING AGREEMENT dated as of July 1, 2004 among CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. (Depositor), DLJ MORTGAGE CAPITAL, INC. (Seller), WELLS FARGO BANK, N.A. (Master Servicer, Servicer, Back-up Servicer and Trust Administrator), WASHINGTON MUTUAL MORTGAGE SECURITIES CORP. (Seller and Servicer), SELECT PORTFOLIO SERVICING, INC., GREENPOINT MORTGAGE FUNDING, INC. (Servicers), WILSHIRE CREDIT CORPORATION (Special Servicer) and U.S. BANK NATIONAL ASSOCIATION (Trustee) relating to the Mortgage-Backed Pass-Through Certificates, Series 2004-AR7

11. POOLING AND SERVICING AGREEMENT dated as of August 1, 2004 among CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. (Depositor), DLJ MORTGAGE CAPITAL, INC. (Seller), WELLS FARGO BANK, N.A. (Master Servicer, Servicer, Back-up Servicer and Trust Administrator), WASHINGTON MUTUAL MORTGAGE SECURITIES CORP. (Seller and Servicer) SELECT PORTFOLIO SERVICING, INC. GREENPOINT MORTGAGE FUNDING, INC. (Servicers), WILSHIRE CREDIT CORPORATION (Special Servicer) and U.S. BANK NATIONAL ASSOCIATION (Trustee) relating to the Mortgage-Backed Pass-Through Certificates, Series 2004-AR8

12. POOLING AND SERVICING AGREEMENT dated as of September 1, 2004 among CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. (Depositor), DLJ MORTGAGE CAPITAL, INC. (Seller), WELLS FARGO BANK, N.A. (Master Servicer, Servicer, Back-up Servicer and Trust Administrator), WASHINGTON MUTUAL MORTGAGE SECURITIES CORP. (Seller and Servicer) SELECT PORTFOLIO SERVICING, INC., GREENPOINT MORTGAGE FUNDING, INC. (Servicers), WILSHIRE CREDIT CORPORATION (Special Servicer) and U.S. BANK NATIONAL ASSOCIATION (Trustee) relating to the Adjustable Rate Mortgage Trust 2004-1 Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2004-1

13. POOLING AND SERVICING AGREEMENT dated as of October 1, 2004 among CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. (Depositor), DLJ MORTGAGE CAPITAL, INC. (Seller), WELLS FARGO BANK, N.A. (Master Servicer, Servicer, Back-up Servicer and Trust Administrator), WASHINGTON MUTUAL MORTGAGE SECURITIES CORP. (Seller and Servicer) SELECT PORTFOLIO SERVICING, INC., GREENPOINT MORTGAGE FUNDING, INC. (Servicers), WILSHIRE CREDIT CORPORATION (Special Servicer) and U.S. BANK NATIONAL ASSOCIATION (Trustee) relating to the Adjustable Rate Mortgage Trust 2004-2 Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2004-2

14. POOLING AND SERVICING AGREEMENT dated as of October 1, 2004 among CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. (Depositor), DLJ MORTGAGE CAPITAL, INC. (Seller), WELLS FARGO BANK, N.A. (Master Servicer, Servicer, Back-up Servicer and Trust Administrator), SELECT PORTFOLIO SERVICING, INC. (Servicer), WILSHIRE CREDIT CORPORATION (Special Servicer) and U.S. BANK NATIONAL ASSOCIATION (Trustee) relating to the Adjustable Rate Mortgage Trust 2004-3 Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2004-3

2005-115641

15. POOLING AND SERVICING AGREEMENT dated as of November 1, 2004 among CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. (Depositor), DLJ MORTGAGE CAPITAL, INC. (Seller), WELLS FARGO BANK, N.A. (Master Servicer, Servicer, Back-up Servicer and Trust Administrator), WASHINGTON MUTUAL MORTGAGE SECURITIES CORP., SELECT PORTFOLIO SERVICING, INC., GREENPOINT MORTGAGE FUNDING, INC. (Servicers), WILSHIRE CREDIT CORPORATION (Special Servicer) and U.S. BANK NATIONAL ASSOCIATION (Trustee) relating to the Adjustable Rate Mortgage Trust 2004-4 Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2004-4

16. POOLING AND SERVICING AGREEMENT dated as of February 1, 2005 among CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. (Depositor), DLJ MORTGAGE CAPITAL, INC. (Seller), WELLS FARGO BANK, N.A. (Master Servicer, Servicer, Back-up Servicer and Trust Administrator), SELECT PORTFOLIO SERVICING, INC. (Servicer), WILSHIRE CREDIT CORPORATION (Special Servicer) and U.S. BANK NATIONAL ASSOCIATION (Trustee) relating to the Adjustable Rate Mortgage Trust 2005-2 Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2005-2

17. POOLING AND SERVICING AGREEMENT dated as of March 1, 2005 among CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. (Depositor), DLJ MORTGAGE CAPITAL, INC. (Seller), WELLS FARGO BANK, N.A. (Master Servicer, Servicer, Back-up Servicer and Trust Administrator), SELECT PORTFOLIO SERVICING, INC., OCWEN FEDERAL BANK FSB, (Servicers), WILSHIRE CREDIT CORPORATION (Special Servicer) and U.S. BANK NATIONAL ASSOCIATION (Trustee) relating to the Adjustable Rate Mortgage Trust 2005-3 Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2005-3

18. POOLING AND SERVICING AGREEMENT dated as of April 1, 2005 among CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. (Depositor), DLJ MORTGAGE CAPITAL, INC. (Seller), WELLS FARGO BANK, N.A. (Master Servicer, Servicer, Back-up Servicer and Trust Administrator), SELECT PORTFOLIO SERVICING, INC., GREENPOINT MORTGAGE FUNDING, INC. (Servicers), WILSHIRE CREDIT CORPORATION (Special Servicer) and U.S. BANK NATIONAL ASSOCIATION (Trustee) relating to the Adjustable Rate Mortgage Trust 2005-4 Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2005-4

19. POOLING AND SERVICING AGREEMENT dated as of May 1, 2005 among CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. (Depositor), DLJ MORTGAGE CAPITAL, INC. (Seller), WELLS FARGO BANK, N.A. (Master Servicer, Servicer, Back-up Servicer and Trust Administrator), SELECT PORTFOLIO SERVICING, INC., GREENPOINT MORTGAGE FUNDING, INC. (Servicers), WILSHIRE CREDIT CORPORATION (Special Servicer) and U.S. BANK NATIONAL ASSOCIATION (Trustee) relating to the Adjustable Rate Mortgage Trust 2005-5 Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2005-5

20. POOLING AND SERVICING AGREEMENT dated as of July 1, 2005 among CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. (Depositor), DLJ MORTGAGE CAPITAL, INC. (Seller), WELLS FARGO BANK, N.A. (Master Servicer, Servicer, Back-up Servicer and Trust Administrator), SELECT PORTFOLIO SERVICING, INC. (Servicer), WILSHIRE CREDIT CORPORATION (Special Servicer) and U.S. BANK NATIONAL ASSOCIATION (Trustee) relating to the Adjustable Rate Mortgage Trust 2005-6A Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2005-6A

21. POOLING AND SERVICING AGREEMENT dated as of June 1, 2005 among CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. (Depositor), DLJ MORTGAGE CAPITAL, INC. (Seller), WELLS FARGO BANK, N.A. (Master Servicer, Servicer, Back-up Servicer and Trust Administrator), SELECT PORTFOLIO SERVICING, INC., GREENPOINT MORTGAGE FUNDING, INC. (Servicers), WILSHIRE CREDIT CORPORATION (Special Servicer) and U.S. BANK NATIONAL ASSOCIATION (Trustee) relating to the Adjustable Rate Mortgage Trust 2005-7 Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2005-7

22. POOLING AND SERVICING AGREEMENT dated as of July 1, 2005 among CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. (Depositor), DLJ MORTGAGE CAPITAL, INC. (Seller), WELLS FARGO BANK, N.A. (Master Servicer, Servicer, Back-up Servicer and Trust Administrator), SELECT PORTFOLIO SERVICING, INC. (Servicer), WILSHIRE CREDIT CORPORATION (Special Servicer) and U.S. BANK NATIONAL ASSOCIATION (Trustee) relating to the Adjustable Rate Mortgage Trust 2005-8 Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2005-8

I, *Jerry R. Hanson,* Director of Assessment and
Taxation and Ex-Officio County Clerk for
Washington County, do hereby certify this to be a
true and correct copy of the original.

Date: *September 22, 2005*

By: *K Barnett*

Title: *Deputy*

FILED AND RECORDED    Instrument# 2010-12965
11/02/2010 01:25:17 PM    Pages  9
Linda Brooks-County Clerk
By: dianem, Hunt County, TX