IN THE UNTIED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>MICHAEL DAVID SCOTT,<br><br>Debtor. | CHAPTER 7<br><br>BANK. CASE NO. 17-70045-JAD |
| MICHAEL DAVID SCOTT,<br><br>Plaintiff,<br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2004-AR7, OCWEN LOAN SERVICING, LLC, and KORDE & ASSOCIATES, P.C.,<br><br>Defendants, | ADVERSARY NO. 17-07028 -JAD |

SECOND SUPPLEMENTAL BRIEF
OF MICHAEL DAVID SCOTT, THE DEBTOR
IN RESPONSE TO THE COURT'S JUNE 29, 2018
ORDER

Michael David Scott, "The Debtor", in this matter files his supplemental brief in response to the court's June 29, 2018 order (ECF No. 55), and respectfully states as follows:

I. **INTRODUCTION**

1. This matter involves the Trustee's ability to enforce the Note and the Mortgage encumbering the Debtor's property at 40 Old Stable Drive, Mansfield Massachusetts.

- 1 -

2. Additionally, the Debtor also challenges the Trustees standing as Agent for Greenpoint Mortgage Funding, Inc.

3. The Debtor will affirmatively show that based on the evidence the Trustee has provided to date, it concludes the following:

   (i) The Scott's loan is not a part of the pooling and servicing agreement dated as of July 1, 2004 relating to the Mortgage-Backed Pass-Through Certificates Series 2004-AR7:

   (ii) The purported letter agreement between DLJ Mortgage Capital, Inc. ("DLJMC) and Greenpoint Mortgage Funding, Inc. (Greenpoint") is unsigned, and is unenforceable, because it is barred by the statute of Frauds M.G.L.C §259 §1 see Exhibit (1)

   > "No action shall be brought upon a contract for sale of lands.... or any interest in or concerning them unless the promise, contract or agreement upon such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged."

   (iii) The Trustee is not acting as an agent for the note holder because there is no evidence that the Affiant Mr. Wildrick was acting as a principal when he stated that the "US Bank is acting on behalf of Greenpoint as a Note holder"

   > "Under Massachusetts law, apparent authority "results from conduct by the principal which causes a third person reasonably to believe that a particular [actor]... has authority... to make representations as his agent." *Hudson v. Massachusetts Property Ins. Underwriting Ass'n*, 386 Mass. 450, 436 N.E.2d 155, 159 (1982). It is a "fundamental rule that apparent authority cannot be established by the putative agent's own words or conduct, but only by the principal."

4. As such, Mr. Wildrick never alleged that he was acting in his capacity as principal. Moreover, because the agency agreements do not exist in writing and it affects an interest in land, it falls under the statute of fraud, and any oral agreement is unenforceable.

Therefore, the Trustee is not acting as an agent of the Note holder and moreover Greenpoint has not provided sufficient evidence that it was in possession of the note when it was lost (see footnote [1])

5. The 2010 loan modification is unenforceable because it is unsigned, and since the agreement affects an interest in land, it falls squarely within the Statute of Fraud.

6. The 2013 loan modification is unenforceable Trustee's attempt to alter the terms of the modification agreement fails, see HMC Assets, LLC v. Conley LEXIS 111594 (D. Mass 2016) at II. "as a general matter a contract for sale of land must comply with the statute of fraud and an oral modification will not be enforced if it results in a "re-writing" of the contract or significantly changes the party's obligations." The Trustee is attempting to modify the 2013 loan modification agreement with a so-called affidavit from Bank of America NA. The statute of fraud M.G.L. 259 §1 prohibits such strategy.

7. The correction agreement fails, as it calls for the lender to enforce such agreement. The evidence to date does not support the fact that the Trustee is the lender or acting on behalf of the lender. Actually, the Trustee has no standing in this pending matter with the court.

---

[1] See: Marks v. Braunstein 439 B.R. 248 ,251 LEXIS 95700 (D.Mass. 2010) "The bankruptcy Court found that Stuart did not meet the prerequisites of Sec & 3-309 because he offered no proof that he was ever in possession of the Note"

- 3 -

## II. ARGUMENT

8. The Trustee is not the lender and do not have standing to enforce the note by foreclosure or the right to any payments in the mortgage it claims to have an interest in.

9. It strains credulity that the Trustee will provide the court with an unsigned letter agreement to prove that DLJMC, purchased the Note and Mortgage from Greenpoint, when in fact it did not occur.

10. Even the affidavit the Trustee provided to the court from Sony Prudent does not even allege that Greenpoint sold the note and mortgage to DLJMC, it actually contradicts such suggestion by the Trustee. See Sony Prudent Affidavit at 8.

> 8. Upon the formation of the Loan, the beneficial interests of Greenpoint in the Note and mortgage were contributed to trust via Pooling and Servicing Agreement (the "PSA") dated as July 1, 2004, relating to Mortgage-Backed Pass-Through Certificates, Series 2004-AR7 ("*Trust*"). A true and correct copy of the PSA is attached hereto as **Exhibit C**."

11. But even the Wildrick affidavit does not reasonably suggest that Greenpoint sold the note and the mortgage to DLJ. See French v. Chase Bank NA LEXIS 10940, 6 (D. Mass 2012) "[a]n agreement to give or assign a mortgage is an agreement to convey an interest in land and to be enforceable, must be in writing. See also Linsky v. Exch. Trust Co. 260 Mass. 15, 17 156 N.E 689 (1927), French v. Chase Bank ID at 7 "a contract affecting a mortgage falls squarely within the statute." Therefore, the Trustee has not established that the Scott's Loans were contributed to the "PSA" and therefore if the motion for relief from stay pending with this court was filed on behalf of the "PSA", the motion must be denied, lack of standing to foreclose.

12. The Trustee's position that it is acting as agent on behalf of Greenpoint also fails. On June 29, 2018 the court ordered that the Trustee provide the **organic transactional** document that specifically support the contention in the Wildrick Affidavit. See Order:

Court Hereby ORDERS that:

> 1. The Defendant shall file a supplemental brief in support of its request for summary judgment. The brief shall address the Wildrick Declaration and how it is dispositive to this adversary. The defendant shall also address, and produce, the organic transactional documents that specifically support the contention in the Wildrick Declaration that "US Bank is acting on behalf of Greenpoint as Note holder." The Defendant's brief shall also address this Court's subject matter jurisdiction under 28 U.S.C. §§ 157(b)(2)(O) and 1334(e), when the outcome of this litigation will affect the Plaintiff/Debtor's interest in the Property and/or his debtor-creditor relationship vis-a-viz the Defendant.

13. Almost one year later the Trustee avoids and ignores the court's order with an Affidavit from Wildrick, and moreover Wildrick does not even state that he is acting within his authority as principal to designate U.S. Bank as its agent and even if he did, the Statute of Fraud bars the Trustee's agency claim. As such, if the Trustee is the agent and given the authority to foreclose that will affect the debtor's interest in the land at 40 Old Stable Drive, Mansfield MA 02048. This the Debtor states falls squarely within the Statute of Fraud. See Hosseni v. Capital One 217 F. Supp. 3d441 452 (D. Mass 2016) ("a contract affecting a mortgage falls squarely within the Statute of Frauds").

14. Trustee misinterprets Zullo v. HMC. Assets LLC 2017 Mass LCR LEXIS 116, at 25 (Mass. Land ct. 2017), in that case HMC attempts to establish agency by using the same strategy as the Trustee and the court held:

> "Neither has HMC shown that it is acting on behalf of the note holder who was in" possession of the Note at the time it was lost. HMC has presented no evidence that DLJ ever authorized HMC to act on its behalf in enforcing the Note. The lost Note Affidavit does not, and cannot, establish that HMC is undertaking any action on behalf of DLJ as the note holder. Likewise, the proposed Agreement for Judgment between HMC and DLJ is not evidence that HMC has the legal authority to stand in the shoes of DLJ in order to foreclose. In the Agreement for Judgment, HMC states that "DLJ intended to, and did, transfer all of its interest in the Promissory Note to HMC" and that HMC is the "Note's holder in due course with authority to enforce it pursuant to its terms." While DLJ may well have intended to transfer the Note through the Lost Note Affidavit, § 3-309 makes that Affidavit, standing alone, insufficient to legally assign the right to enforce the Note. There is no other evidence in the record to demonstrate that DLJ did in fact authorize HMC to act on its behalf and HMC's conclusory statements in the Agreement for Judgment as inadequate to prove such an authorization did occur. Further, HMC cannot rely on the assignment of the Mortgage to establish its standing to enforce the lost promissory Note secured by the Mortgage. See *Marks*, 439 B.R. at 251-252 (recorded assignment of mortgage was not sufficient to establish assignee's standing to enforce lost promissory note).

15. Trustee attempts to confuse the Debtor, by alleging that the Debtor claims that Mrs. Scott's bankruptcy discharged the existing mortgage. Certainly, that was not Mr. Scott's claim, Trustee had previously claimed that the mortgage in question was used to pay off a prior mortgage not the Debtor's Property, which was held by Greenpoint as well. Mr. Scott stated that the mortgage in question was satisfied prior to Mrs. Scott's bankruptcy and when Mrs. Scott got her Discharge the mortgage was no longer a Secured Debt and any equitable right that Trustee attempts to claim was discharged at that time. Mr. Scott never stated that Mrs. Scott's bankruptcy discharge, wiped away the present mortgage. Regardless, Trustee is not the lender and is not the lender's agent. The

- 6 -

Debtor has certainly shown that Trustee has absolutely no standing, but a lot of fluff, an abundance of paper, to confuse the Debtor.

16. Troubling at best is that Greenpoint closed it operation and laid off all its employee in 2007. See Exhibit (2), John Wildrick's affidavit written on June 21, 2018, at 2 states that he is employed as Assistant Vice President at Greenpoint. The Trustee has never addressed the sale and the assignment of Greenpoint's asset's to Capital One, and who did Capital One ultimately sold its assets to. Therefore, the claim of assignment of the mortgage is also incomplete and also fails.

### III. CONCLUSION:

17. Scott respectfully ask that the court enters an order declaring that the (1) Trustee does not have a right to enforce the Note. (2) That the mortgage on the Debtor's property is unsecured. (3) That any monies paid by the Debtor and his wife to the Trustee must be returned within 30 days as to such order.

Respectfully submitted,

Michael David Scott
Federal Medical Center, Devens MA
Satellite Camp
Ayer, MA 01432

Dated: July ___, 2019

## Certificate of Service

I, Michael David Scott, certify that on July 2091 I mailed a copy of this Motion by First Class mail United States Postal Service to the Clerk of Courts for filing and I also mailed a copy of this Motion to the following:

Brett L. Messinger
Duane Morris LLP
30 South 17th Street
Philadelphia, PA  19103

Respectfully submitted,

_____
Michael David Scott
Federal Medical Center
Devens, MA
Satellite Camp
Ayer, MA  01432

Dated: July 22nd, 2019

- 8 -