FILED
11/19/19 2:45 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RE: ) | |
| ) | Bankruptcy No. 17-70045-JAD |
| ) | |
| MICHAEL DAVID SCOTT, ) | Chapter 7 |
| Debtor. ) | |
| ───────────────────────── X | |
| ) | |
| MICHAEL DAVID SCOTT, aka ) | Adversary No. 17-07028-JAD[1] |
| THE CRAWFORD GROUP LLC ) | |
| aka MACAUALY FAMILY ) | |
| REALTY TRUST, ) | |
| ) | Related to ECF Nos. 205, 210 |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | |
| U.S. BANK NATIONAL ) | |
| ASSOCIATES AS TRUSTEE FOR ) | |
| CREDIT SUISSE FIRST BOSTON ) | |
| MORTGAGE SECURITIES CORP. ) | |
| MORTGAGE BACKED PASS ) | |
| THROUGH CERTIFICATES ) | |
| SERIES 2004-AR-7, KORDE & ) | |
| ASSOCIATES PC, OCWEN LOAN ) | |
| SERVICING LLP, ) | |
| ) | |
| Defendants. ) | |
| ───────────────────────── X | |

## MEMORANDUM OPINION

The matter before the Court is the Plaintiff's *Motion to Amend the Judgment Pursuant to Fed.R.Civ.P. 59(e) Entered on September 25, 2019, Granting Summary Judgment in Favor of U.S. Bank* (the "Motion to Amend"). The background of this

---

[1] On June 29, 2018, this Court entered an Order consolidating the proceedings pending at Adv. No. 17-7028-JAD, and Adv. No. 17-07050-JAD ("Consolidation Order," ECF No. 135). In the Consolidation Order, the Court directed that these two adversary proceedings be consolidated, and that "going forward all documents related to these two cases shall be filed at Adv. No. 17-7028-JAD and have the caption set forth above."

1

matter is set forth more fully in this Court's Memorandum Opinion dated September 25, 2019, which is incorporated herein. See ECF No. 197.

The gist of the Plaintiff's Motion to Amend is that the Plaintiff believes that the Court may have overlooked evidence because the Plaintiff does not know whether U.S. Bank, National Association, as Trustee ("U.S. Bank") produced all of the documents in its possession, custody and control regarding U.S. Bank's status as agent for GreenPoint Mortgage Funding, Inc. ("GreenPoint").

At the November 19, 2019 hearing on the Motion to Amend, counsel for U.S. Bank represented to the Court that it produced to the Plaintiff all of the documents in U.S. Bank's possession, custody and control concerning or relating to U.S. Bank's agency status vis-à-vis Greenpoint. It therefore appears that there is no new evidence.

In addition, U.S. Bank acknowledges that it is an agent of GreenPoint. As set forth in this Court's Memorandum Opinion, U.S. Bank also provided affidavit testimony of GreenPoint supporting the agency relationship and this Court concluded that such a relationship need not be reduced to writing because the Statute of Frauds is inapplicable. See Memorandum Opinion at pp. 45-49.

Simply stated, both principal and agent agree that U.S.Bank is GreenPoint's agent with respect to enforcement of the Note that is at issue in this case. The Plaintiff, however, takes issue with the Court's conclusion that the Statute of Frauds does not require that the agency relationship be reduced to writing. In support of his position, the Plaintiff cites In re Grassie, 293 B.R. 829 (Bankr. D. Mass. 2003). Grassie, however, has no application to the case at bar

2

because <u>Grassie</u> plainly dealt with a memorandum of sale with respect to the purchase of real property, which is within the scope of the Statute of Frauds. <u>See</u> Mass. Gen, Laws ch 259, § 1(providing that it applies to a "contract for the sale of lands").

<u>Grassie</u> did not address the application of the Statute of Frauds in terms of whether a signed writing is necessary for the creation of an agency relationship. Nor did it hold that agency relationships with respect to standing to enforce a promissory note must be in writing. <u>Grassie</u> is therefore consistent with this Court's conclusions, but is of no moment. Under these circumstances, the Court is not persuaded to grant the Motion to Amend.

By way of further explanation, relief under Fed.R.Civ.P. 59(e), which is incorporated in bankruptcy proceedings by operation of Fed.R.Bankr.P. 9023, is an extraordinary remedy that is sparingly granted. <u>See</u> <u>Mohammadi v. Islamic Republic of Iran</u>, 782 F.3d 9, 17 (D.C. Cir. 2015). The Court may only consider a motion to amend under Fed.R.Civ.P. 59(e) if there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. <u>N. River Ins. Co. v. CIGNA Reinsurance Co.</u>, 52 F.3d 1194, 1218 (3d Cir. 1995). None of these factors are present *sub judice*. An Order shall therefore be entered that denies the Motion to Amend.

Dated: November 19, 2019

_____
The Honorable Jeffery A. Deller
United States Bankruptcy Judge

3

Case Administrator to Serve:

    Michael David Scott, via regular mail
    Chapter 7 Trustee
    Brett L. Messinger, Esq.
    Jill Locnikar, U.S. Attorney's Office